# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

---

Valerie Flores,

                                        Plaintiff,

            v.                                          1:25-CV-1833
                                                        (AJB/MJK)


Cory Lettman *et. al.*,


                                        Defendant.

---

Valerie Flores, Plaintiff *pro se*

Mitchell J. Katz, U.S. Magistrate Judge

To the Honorable Anthony J. Brindisi, U.S. District Judge:

## ORDER & REPORT- RECOMMENDATION

On December 31, 2025, Flores began this action by filing a
Complaint and moving for leave to proceed *in forma pauperis* ("*IFP*")
(Dkts. 1, 2). The Clerk sent Flores's Complaint and *IFP* application to
this Court for review. (Dkts. 1, 2).

## I.     BACKGROUND

In either 2002 or 2003 Cory Lettman stalked and harassed Flores
in Wisconsin. (Complaint, Dkt. 1, at pg. 4). About a decade later,
Lettman purportedly went to Flores's office at the University of
Wisconsin Madison. (*Id.*). Someone vandalized Flores's desk, so

Lettman "could have been the culprit." (*Id.*). In 2019, Lettman sent

Flores a message on Facebook, but she did not see the message for

nearly a year. (*Id.*). In either 2020 or 2021 Flores began having

problems in her apartment. Lettman "could have been the culprit,

again." (*Id.*). Allegedly in March 2024, Lettman followed Flores to

several locations in Wisconsin and California.

## II.    *IFP* APPLICATION

Flores declares in her *IFP* applications that she is unable to pay

the filing fee. (Dkt. 2). And after reviewing her application, this Court

finds that Flores is financially eligible for *IFP* status

## III.    STANDARD OF REVIEW

Because the District Court and Flores, who is a prolific *pro se*

litigant, are familiar with §1915's standard of review, the Court need

not repeat it. *See* 28 U.S.C. §1915(e)(2)(B)(i)-(iii).

## IV.    DISCUSSION

### The District Court should dismiss Flores's Complaint because the incidents are time barred, and the Complaint does not state a claim.

To start, most of Flores's claims are likely time barred. In New

York, claims brought under 42 U.S.C. §1983 must be filed within three

years of the date a claim accrues.[1] Section 1983 claims generally accrue

when a plaintiff knows or has reason to know of the injury that is the

basis of the claim. *See Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir.

2013). Assuming that her allegations assert claims, Flores's 2003, 2019,

and 2021 claims are all likely time barred.

As none of the incidents occur in New York, the statute of

limitations for California and Wisconsin may apply. In California,

§1983 claims have a two-year statute of limitations. *See Doe #1 M.L. v.

San Bernardino Sheriff Dep't*, 753 F. Supp. 3d 1024, 1028 (C.D. Cal.

2024). So under California law, Flores's 2003, 2019, and 2021 claims are

likely time barred. In Wisconsin, §1983 claims have a six-year statute of

limitations. *See D'acquisto v. Love*, No. 20-C-1034, 2020 WL 5982895, at

*1 (E.D. Wis. Oct. 8, 2020). So only the 2003 claim is clearly time

barred. That said, the Court analyzes the Complaint's merits for clarity.

As to Flores's 2024 incidents (and the merits of the 2003, 2019,

and 2021 incidents), Flores has failed to state a claim. Flores is well

---

[1] The statute of limitations for Section 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In New York, that period is three years. See N.Y. C.P.L.R. § 214(5).

aware that "unadorned, the-defendant-unlawfully-harmed-me accusation" are "simply not enough to state a claim." *Flores v. Credit One Bank*, No. 1:25-CV-683 (GTS/MJK), 2025 WL 1684254, at *2 (N.D.N.Y. June 16, 2025) (cleaned up) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (recommending denial of Flores's Complaint because it fails to comply with Fed. R. Civ. P. 8); *see also Flores, Plaintiff, v. Wells Fargo*, No. 1:25-CV-1755 (MAD/MJK), 2025 WL 3704290 (N.D.N.Y. Dec. 19, 2025) (same). Yet her Complaint only includes conclusory statements. In consequence, the District Court should dismiss Flores's Complaint.

As a *very* important aside—the District Court lacks personal matter jurisdiction over the Defendants. Flores pleads that all of the Defendants live in Wisconsin, Idaho, or California. (Complaint, Dkt. 1, at pg. 2). Worse yet, Flores's Complaint—liberally construed—does not indicate that *any* Defendant has *any* connection to New York. (*Id.* at 2-4). More to the point, Flores does not allege that any actions occurred in New York. (*Id.* at 2-4). In consequence, the Court lacks personal jurisdiction over these Defendants. *See, e.g., Smith v. United States*, 554 F. App'x 30, 31–32 (2d Cir. 2013) ("As Smith alleged no facts in the

claims against the New Hampshire defendants that indicate a connection with the state of New York, dismissal for lack of personal jurisdiction was appropriate.").

Flores should be allowed to amend her Complaint. Generally, before courts dismiss a pro se complaint or any part of the complaint on its own, they should afford the plaintiff the opportunity to amend at least once; but leave to re-plead may be denied where any amendment would be futile. *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Futility is present when the problem with a plaintiff's causes of action is substantive such that better pleading will not cure it. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted). Here, there is no futility because Flores can amend her Complaint to include facts that make out each claim. Thus, the Court recommends finding no futility.

## V.     CONCLUSION

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that Plaintiff's motion to proceed *IFP* (Dkt. 2) is **GRANTED**; and it is further

**RECOMMENDED**, the District Court dismiss Flores's Complaint **WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND** because it fails to comply with Fed. R. Civ. P. 8; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order and Report-Recommendation on Plaintiff by regular mail.[2]

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have 14 days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS WILL PRECLUDE APPELLATE REVIEW**. *See Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: January 13th, 2026

Digitally signed by
Mitchell J Katz
Date: 2026.01.13
11:31:55 -05'00'

Hon. Mitchell J. Katz
U.S. Magistrate Judge

---

[2] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) *(per curiam)*.

D'acquisto v. Love, Not Reported in Fed. Supp. (2020)

Case 1:25-cv-01833-AJB-MJK     Document 5     Filed 01/13/26     Page 7 of 30

2020 WL 5982895
Only the Westlaw citation is currently available.
United States District Court, E.D. Wisconsin.

Maxine-Johnise D'ACQUISTO, Plaintiff,

v.

Officer Keziah LOVE, and Jane and John Does 1–5, Defendants.

Case No. 20-C-1034
|
Signed 10/08/2020

**Attorneys and Law Firms**

Maxine-Johnise D'Acquisto, Milwaukee, WI, pro se.

John A. Griner, IV, Chapin & Associates, Brookfield, WI, for Defendants.

### DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS

William C. Griesbach, United States District Judge

**\*1** Plaintiff Maxine-Johnise D'Acquisto, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 alleging that Defendants Officer Keziah Love (incorrectly identified in the complaint as Katia Love) and five unidentified defendants, all employees at the Fond du Lac County Jail, violated her civil rights while she was in custody as a pretrial detainee. D'Acquisto was permitted to proceed on her Fourteenth Amendment claims of excessive force and deliberate indifference and a First Amendment claim of retaliation. Currently before the court is Officer Love's motion to dismiss D'Acquisto's claims as time-barred. The motion will be denied.

The events giving rise to D'Acquisto's claims occurred on or about January 31, 2017, and she filed her action on July 9, 2020. Officer Love contends that the applicable statute of limitations is three years. Because D'Acquisto waited more than three years to file her action, Love contends it is barred. Officer Love is mistaken, however, because the statute of limitations at the time D'Acquisto filed her action was six years. The Wisconsin legislature shortened the statute of limitations to three years, but the effective date of the new statute was April 5, 2018. Because the statute of limitations in effect at the time the claim arose controls, the six-year statute of limitation applies.

In assessing the timeliness of claims brought under 42 U.S.C. § 1983, federal courts look to analogous state actions to determine appropriate statutes of limitations. *Wilson v. Garcia*, 471 U.S. 261, 275 (1985) ("We conclude that the statute is fairly construed as a directive to select, in each State, the one most appropriate statute of limitations for all § 1983 claims.") More specifically, "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 250 (1989). Officer Love argues that Wis. Stat. § 893.54 bars claims for negligent personal injury at three years and alternatively, Wis. Stat. § 893.57 bars claims for intentional torts at two years. Officer Love looks to the wrong statutes. In Wisconsin, the state supreme court has firmly established that the applicable residual statute for § 1983 claims is Wis. Stat. § 893.53. *Hemberger v. Bitzer*, 216 Wis. 2d 509, 519, 574 N.W.2d 656 (1998) ("[W]e hold that Wis. Stat. § 893.53, providing a six-year statute of limitations, is Wisconsin's general and residual personal injury statute of limitations. Therefore, it is applicable to claims brought under 42 U.S.C. § 1983.").

D'acquisto v. Love, Not Reported in Fed. Supp. (2020)

Case 1:25-cv-01833-AJB-MJK    Document 5    Filed 01/13/26    Page 8 of 30

In 2018, the Wisconsin legislature changed the statute of limitations under § 893.53 from six years to three, but this case is still subject to the six-year limit because the events in question occurred in 2017, prior to the enactment of the change. *See Gutter v. Seamandel,* 103 Wis. 2d 1, 18, 308 N.W.2d 403 (1981) ("This court has previously held that in the absence of express language in a statute which imposes a new statute of limitations stating that the statute has retroactive effect and in the absence of any legislative intent that a new statute of limitations be applied retroactively to a cause of action that accrued prior to the effective date of the statute, this court would not apply the new statute of limitations to causes of action accruing prior to the effective date of the statute." (citing *Hunter v. Sch. Dist. Gale-Ettrick-Trempealeau,* 97 Wis. 2d 435, 445, 293 N.W.2d 515 (1980))). Because nothing in the language of the amended version of § 893.53 suggests that it was to apply retroactively, the old six-year statute of limitations applies.

**\*2**  Plaintiff D'Acquisto has stated a claim for relief and her claim is not time-barred under the applicable statute of limitations. Therefore, Defendant Love's motion to dismiss (Dkt. No. 7) is **DENIED**.

**SO ORDERED** at Green Bay, Wisconsin this 8th day of October, 2020.

**All Citations**

Not Reported in Fed. Supp., 2020 WL 5982895

---

End of Document

© 2026 Thomson Reuters. No claim to original U.S. Government Works.

---

WESTLAW  © 2026 Thomson Reuters. No claim to original U.S. Government Works.    2

753 F.Supp.3d 1024
United States District Court, C.D. California.

Jane DOE #1 M.L.
v.
SAN BERNARDINO SHERIFF DEPARTMENT, et al.

EDCV 24-758-KK-SHKx
|
Filed October 15, 2024

**Synopsis**
**Background:** Former pretrial detainee brought state court action against sheriff department, alleging that she was sexually assaulted by department staff while in custody. Following removal and dismissal of complaint, detainee amended complaint to assert claims sounding in violations of her Fourth, Eighth, and Fourteenth Amendment rights. Department moved to dismiss.

**Holdings:** The District Court, Kenly Kiya Kato, J., held that:

[1] California's two-year statute of limitations for personal injury actions began to run, even if subject to two-year tolling period while detainee was incarcerated, on dates of alleged sexual assaults;

[2] detainee failed to state claim for *Monell* liability; and

[3] dismissal would be without leave to amend.

Motion granted.

**Procedural Posture(s):** Motion to Dismiss for Failure to State a Claim.

West Headnotes (17)

**[1]    Federal Civil Procedure    ⚷   Insufficiency in general**

A complaint may be dismissed for failure to state a claim only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. Fed. R. Civ. P. 12(b)(6).

**[2]    Federal Civil Procedure    ⚷   Claim for relief in general**

In order to state a claim for relief, a complaint must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Fed. R. Civ. P. 12(b)(6).

**[3]    Federal Civil Procedure    ⚷   Limitations, laches and prematurity**

Claim is subject to dismissal for failure to state claim on ground that statute of limitations has expired when running of statute is apparent on face of complaint and it appears beyond doubt that plaintiff can prove no set of facts that would establish timeliness of claim. Fed. R. Civ. P. 12(b)(6).

2 Cases that cite this headnote

**[4]**      **Civil Rights** 🗝️ Time to Sue

**Federal Courts** 🗝️ Civil rights and discrimination cases

Applicable statute of limitations for cause of action under § 1983 or § 1985 is statute of limitations established by forum state for personal injury torts. 42 U.S.C.A. §§ 1983, 1985.

3 Cases that cite this headnote

**[5]**      **Civil Rights** 🗝️ Time to Sue

**Conspiracy** 🗝️ Time to sue; limitations and laches

Two-year statute of limitations applies to a § 1983 or § 1985 claim brought in California. 42 U.S.C.A. §§ 1983, 1985; Cal. Civ. Proc. Code § 335.1.

4 Cases that cite this headnote

**[6]**      **Federal Courts** 🗝️ Computation and tolling

When a federal court applies the forum state's statute of limitations, the court also applies the forum state's tolling rules.

1 Case that cites this headnote

**[7]**      **Limitation of Actions** 🗝️ Civil rights

**Limitation of Actions** 🗝️ Conviction or imprisonment for crime

Did claims accrue on dates of alleged sexual assaults?**Yes**

Former pretrial detainee's § 1983 claims under Fourth, Eighth, and Fourteenth Amendments, alleging that she was sexually assaulted by sheriff department staff while in custody, accrued, and California's two-year statute of limitations for personal injury actions began to run, even if subject to two-year tolling period while detainee was incarcerated, on dates of alleged sexual assaults. U.S. Const. Amends. 4, 8, 14; 42 U.S.C.A. § 1983; Cal. Civ. Proc. Code §§ 335.1, 352.1(a).

More cases on this issue

**[8]**      **Civil Rights** 🗝️ Criminal law enforcement;  prisons

California's two-year statute of limitations for personal injury actions, rather than ten-year statute of limitations for state law claims of sexual assault filed in California state court, applied, following removal of action to federal court, to former pretrial detainee's § 1983 claims under Fourth, Eighth, and Fourteenth Amendments, alleging that she was sexually assaulted by sheriff department staff while in custody. U.S. Const. Amends. 4, 8, 14; 42 U.S.C.A. § 1983; Cal. Civ. Proc. Code § 335.1.

3 Cases that cite this headnote

**[9]**      **Civil Rights** 🗝️ Acts of officers and employees in general;  vicarious liability and respondeat superior in general

Municipality may not be sued under § 1983 for injury inflicted solely by its employees or agents. 42 U.S.C.A. § 1983.

**[10]**    **Civil Rights**  🔑  Governmental Ordinance, Policy, Practice, or Custom

A municipality is liable under § 1983 only when execution of local government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts injury. 42 U.S.C.A. § 1983.

**[11]**    **Civil Rights**  🔑  Governmental Ordinance, Policy, Practice, or Custom

A plaintiff may establish municipal liability under § 1983 by showing: (1) the alleged constitutional violation was committed pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity, (2) the constitutional violation was committed by a government official with final policy-making authority, or (3) a government official with final policy-making authority ratified a subordinate's unconstitutional conduct and the basis for it. 42 U.S.C.A. § 1983.

1 Case that cites this headnote

**[12]**    **Civil Rights**  🔑  Lack of Control, Training, or Supervision;  Knowledge and Inaction

Plaintiff may establish municipal liability under § 1983 by showing municipality failed to train its employees and such failure to train amounts to deliberate indifference to constitutional rights of persons with whom employees come into contact. 42 U.S.C.A. § 1983.

**[13]**    **Civil Rights**  🔑  Complaint in general

In order to withstand a motion to dismiss for failure to state a claim, a § 1983 *Monell* claim must consist of more than mere formulaic recitations of the existence of unlawful policies, conducts, or habits. 42 U.S.C.A. § 1983; Fed. R. Civ. P. 12(b)(6).

1 Case that cites this headnote

**[14]**    **Civil Rights**  🔑  Arrest, search, and detention

Allegations, by former pretrial detainee who alleged that she was sexually assaulted by sheriff department staff while in custody, regarding department's alleged policy or practice of conducting cavity searches, were insufficient to state claim for *Monell* liability in § 1983 action asserting claims under Fourth, Eighth, and Fourteenth Amendments, where practice of conducting cavity searches was not per se unconstitutional, and allegations were otherwise were boilerplate and conclusory. U.S. Const. Amends. 4, 8, 14; 42 U.S.C.A. § 1983.

**[15]**    **Federal Civil Procedure**  🔑  Amendments

Although leave to amend should be freely given, court may deny leave to amend where amendment would prejudice opposing party, produce undue delay in litigation, or result in futility for lack of merit. Fed. R. Civ. P. 15(a)(2).

1 Case that cites this headnote

**[16]**    **Federal Civil Procedure**  🔑  Form and sufficiency of amendment;  futility

Amendment of a complaint would be "futile" where allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency. Fed. R. Civ. P. 15(a)(2).

[17] **Federal Civil Procedure** 🔑 Pleading over

Amendment of former pretrial detainee's first amended complaint asserting § 1983 claim under Fourth, Eighth, and Fourteenth Amendments alleging that she was sexually assaulted by sheriff department staff while in custody would be futile, and thus dismissal of claim would be without leave to amend, where claim was barred by California's two-year statute of limitations for personal injury actions, and detainee was previously allowed to amend complaint to cure pleading deficiencies but failed to do so. U.S. Const. Amends. 4, 8, 14; 42 U.S.C.A. § 1983; Cal. Civ. Proc. Code § 335.1.

More cases on this issue

**Attorneys and Law Firms**

**\*1026** James Lloyd West, Rhys Kenney, Lilian Avedian, Marc J. Bern and Partners LLP, Sherman Oaks, CA, for Jane Doe #1 M.L.

Anita Kay Clarke, Shannon Lin Gustafson, Amy R. Margolies, Lynberg and Watkins APC, Orange, CA, for San Bernardino County Sheriffs Department.

Amy R. Margolies, Shannon Lin Gustafson, Lynberg and Watkins APC, Orange, CA, for San Bernardino County Sheriff Central Detention Center.

**Proceedings: (In Chambers) Order GRANTING Defendant's Motion to Dismiss [Dkt. 29]**

KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

**I.**

**INTRODUCTION**

On August 13, 2024, plaintiff "Jane Doe #1 M.L."[1] ("Plaintiff") filed the operative First Amended Complaint ("FAC") against defendants San Bernardino County Sheriff Central Detention Center, San Bernardino County Sheriff's Department, and Does 1 through 100 ("Defendants"), alleging violations of Plaintiff's Fourth, Eighth, and Fourteenth Amendment rights. ECF Docket No. ("Dkt.") 27, FAC. On August 27, 2024, defendant San Bernardino County Sheriff's Department ("Defendant") filed the instant Motion to Dismiss the FAC and Motion to Strike Portions of the FAC ("Motion"). Dkt. 29.

The Court finds this matter appropriate for resolution without oral argument. See Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons set forth below, Defendant's Motion is **GRANTED**.

**II.**

## BACKGROUND

### A. PROCEDURAL HISTORY

On September 20, 2023, Plaintiff filed a Complaint raising seven causes of action: (1) "Violation of Civil Rights," (2) "Breach of Mandatory Duty" pursuant to Section 815.6 of the California Government Code, (3) intentional infliction of emotional distress, (4) battery, (5) sexual harassment pursuant to Sections 51.9 and **\*1027** 52 of the California Civil Code, (6) negligence, and (7) negligent supervision. Dkt. 1-1 at ¶¶ 30-80. The Complaint alleged multiple instances of sexual assault while Plaintiff was in Defendant's custody. Id. ¶¶ 20-26. On April 11, 2024, Defendants removed this action to federal court. Dkt. 1.

On June 17, 2024, Defendant filed a Motion to Dismiss the Complaint. Dkt. 19. On July 31, 2024, the Court issued an Order granting Defendant's Motion to Dismiss. Dkt. 26. First, the Court concluded Plaintiff's state law claims were barred by Defendant's immunity under California's Government Tort Claims Act. Id. at 4. Second, the Court concluded Plaintiff's Fourth, Eighth, and Fourteenth Amendment claims failed to state a claim upon which relief can be granted. Id. at 5-7. The Court, therefore, dismissed the Complaint with leave to amend. Id. at 7-8.

On August 13, 2024, Plaintiff filed the operative FAC against Defendants realleging nearly identical facts from the Complaint. FAC. However, in the FAC, Plaintiff asserts only a single cause of action for "Violation of Civil Rights" [2] against all Defendants. Id. ¶¶ 34-42.

On August 27, 2024, Defendant filed the instant Motion pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f). Dkt. 29. First, Defendant moves for dismissal of the FAC pursuant to California's statute of limitations and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Id. at 13-17. Second, Defendant moves to strike Plaintiff's request for punitive damages pursuant to Federal Rule of Civil Procedure 12(f) on the ground punitive damages are not available against a public entity. Id. at 24.

On September 12, 2024, Plaintiff filed an Opposition to the Motion. Dkt. 31. On September 19, 2024, Defendant filed a reply in support of the Motion. Dkt. 34.

The matter thus stands submitted.

### B. RELEVANT FACTS

On August 13, 2024, Plaintiff filed the operative FAC. FAC. Notably, Plaintiff does not allege any new facts to cure the deficiencies identified in the Court's July 31, 2024 Order, dkt. 26.

Rather, the FAC realleges Plaintiff was transferred to the San Bernardino County Sheriff Central Detention Center ("Central Detention Center") in 2008 "to serve a sentence on a first offense." FAC ¶ 20. Plaintiff realleges, in approximately 2013, correctional officers at the Central Detention Center performed cavity searches on Plaintiff in her cell before sexually assaulting her. Id. ¶¶ 21, 23. Plaintiff further realleges, that same year, a doctor at the Central Detention Center sexually assaulted Plaintiff in the doctor's office while a nurse "pinned [Plaintiff] down." Id. ¶¶ 22, 24. Plaintiff realleges she reported these incidents to "the Sheriff's department, psychologist and case attorney." Id. ¶ 26. As a result of these alleged incidents, Plaintiff experienced "serious bodily harm, pain and suffering, [and] extreme emotional and mental distress[.]" Id. ¶ 31. Plaintiff again seeks actual damages, punitive damages, and attorney's fees and costs. Id. ¶¶ 31-33.

### III.

## LEGAL STANDARD

 **[1]**    A complaint may be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) "only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." **\*1028** Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). In considering whether a complaint states a claim, a court must "construe the pleadings in the light most favorable to the nonmoving party," Capp v. Cnty. of San Diego, 940 F.3d 1046, 1052 (9th Cir. 2019) (quoting Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005)), accepting as true all factual allegations in the complaint and drawing all reasonable inferences in the nonmoving party's favor. Moreno v. UtiliQuest, LLC, 29 F.4th 567, 573 (9th Cir. 2022). The court, however, need not accept as true "a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

 **[2]**    Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Iqbal, 556 U.S. at 678, 129 S.Ct. 1937). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

### IV.

## DISCUSSION

### A. THE STATUTE OF LIMITATIONS BARS PLAINTIFF'S SECTION 1983 CLAIM

#### 1. Applicable Law

 **[3]**    A claim is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) on the ground that the statute of limitations has expired "when 'the running of the statute is apparent on the face of the complaint' " and "it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (citations omitted).

 **[4]**    **[5]**    The applicable statute of limitations for a cause of action under Section 1983 or Section 1985 is the statute of limitations established by the forum state for personal injury torts. Wallace v. Kato, 549 U.S. 384, 387, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007); see also Lukovsky v. City & Cnty. of San Francisco, 535 F.3d 1044, 1048 (9th Cir. 2008) (applying same statute of limitations to Section 1983 and Section 1985 claims). Hence, the statute of limitations for a Section 1983 or Section 1985 claim brought in California is two years. See Cal. Code Civ. Proc. § 335.1 (establishing a two-year statute of limitations for personal injury actions).

 **[6]**    Additionally, when a federal court applies the forum state's statute of limitations, the court also applies the forum state's tolling rules. Soto v. Sweetman, 882 F.3d 865, 871-72 (9th Cir. 2018). Under California law, a statute of limitations is tolled while a plaintiff is incarcerated, up to a maximum of two years. Cal. Code Civ. Proc. § 352.1(a).

#### 2. Analysis

Here, the Court construes Plaintiff's claims for violations of the Fourth, Eighth, and Fourteenth Amendments as claims brought pursuant to 42 U.S.C. § 1983 ("Section 1983") and Monell. See FAC ¶¶ 34-42.

 [7]   Plaintiff's cause of action accrued in "approximately 2013," the dates of the alleged sexual assaults. Id. ¶¶ 23-24. Assuming Plaintiff remained incarcerated for two years following the alleged instances of sexual assault, the combined four-year statute of limitations expired in approximately 2017. Soto, 882 F.3d at 871-72;  **1029**  Cal. Code Civ. Proc. § 352.1(a). Plaintiff has not asserted – nor do the allegations in the FAC establish – any other basis for tolling. [3] Hence, the instant action – filed in September 2023 – is untimely by approximately six years.

 [8]   Plaintiff argues she is entitled to a ten-year statute of limitations pursuant to Section 945.9(c)(1). Dkt. 31 at 10. However, while state law claims of sexual assault filed in California state court may be timely pursuant to the longer ten-year statute of limitations, federal courts must apply a single applicable statute of limitations to avoid confusion and inconsistency. See Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989) (holding that "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the ... statute for personal injury actions"). Thus, Plaintiff's Section 1983 claim is subject to California's two-year statute of limitations for personal-injury claims. Bonneau v. Centennial Sch. Dist. No. 28J, 666 F.3d 577, 579 (9th Cir. 2012) ("[T]he Supreme Court explained that a state's residual personal injury statute of limitations, not a range of specialized statutes of limitations, should be applied to § 1983 claims to prevent unnecessary litigation and preserve the efficacy of the § 1983 remedy.").

Hence, Plaintiff's FAC is time barred. Accordingly, Defendant's Motion is **GRANTED**.

## B. PLAINTIFF FAILS TO ALLEGE A MONELL CLAIM

### 1. Applicable Law

 [9]   [10]   Section 1983 establishes a cause of action based on the violation of constitutional or other federal rights by persons acting under color of state law. However, a municipality may not be sued under Section 1983 "for an injury inflicted solely by its employees or agents." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Rather, a municipality is liable under Section 1983 only "when execution of [the local] government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury[.]" Id.

 [11]   [12]   A plaintiff may establish municipal liability under Section 1983 by showing: (1) the alleged constitutional violation was committed "pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity," (2) the constitutional violation was committed by a government official with "final policy-making authority," or (3) a government official with "final policy-making authority" ratified a subordinate's unconstitutional conduct and the basis for it. Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992) (internal quotation marks omitted). Alternatively, a plaintiff may establish municipal liability under Section 1983 by showing a municipality failed to train its employees and such failure to train amounts to "deliberate indifference" to the constitutional rights of the persons with whom the employees come into contact. City of Canton v. Harris, 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).

 [13]   "In order to withstand a motion to dismiss for failure to state a claim, a Monell claim must consist of more than mere formulaic recitations of the existence of  **1030**  unlawful policies, conducts or habits." A.B. v. City of Santa Ana, No. SACV-18-1553-DOC-ADSx, 2019 WL 1578380, at *3 (C.D. Cal. Feb. 11, 2019) (quoting Anakin v. Contra Costa Reg'l Med. Ctr., No. 16-cv-0161-MEJ, 2016 WL 1059428, at *3 (N.D. Cal. Mar. 17, 2016)).

### 2. Analysis

 [14]   Here, even assuming Plaintiff's FAC was not barred by the statute of limitations, Plaintiff fails to state a claim upon which relief may be granted. Plaintiff provides no new facts from which one can infer a plausible Monell claim. [4] While Plaintiff now cites Defendant's practice of conducting cavity searches, FAC ¶ 27, this practice is not per se unconstitutional. See, e.g., Bull v. City & Cnty. of San Francisco, 595 F.3d 964, 975 (9th Cir. 2010) (balancing the need for invasive strip searches with an arrestee's personal rights). Thus, the allegation that Defendant has a policy of conducting cavity searches, is insufficient to state a claim. As the Court noted in its previous order, dkt. 26, Plaintiff fails to allege sufficient facts to state a claim for Monell

liability against Defendant under any theory. FAC ¶¶ 10-13, 15-16. Plaintiff's allegations are boilerplate and conclusory, failing to establish Defendant's liability under Section 1983, because they do not plausibly demonstrate (1) the alleged sexual assaults were committed by an official with final policy-making authority, (2) an official with final policy-making authority ratified the sexual assaults, (3) the alleged sexual assaults were the result of an unconstitutional custom, practice, or policy, or (4) Defendant failed to train its correctional officers and such failure to train amounted to deliberate indifference to the constitutional rights of inmates. See Gillette, 979 F.2d at 1346; City of Canton, 489 U.S. at 388, 109 S.Ct. 1197.

Hence, the allegations in the FAC are insufficient to state a claim for Monell liability against Defendant. Accordingly, Defendant's Motion is **GRANTED**.

## C. LEAVE TO AMEND

### 1. Applicable Law

[15]    [16]    Leave to amend should be "freely given." Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); see also Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). Nevertheless, a court may deny leave to amend where amendment "would prejudice the opposing party, produce an undue delay in the litigation, or result in futility for lack of merit." Jackson v. Bank of Haw., 902 F.2d 1385, 1387 (9th Cir. 1990). Amendment would be futile where "allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency[.]" Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010).

**\*1031  2. Analysis**

[17]    Here, amendment would be futile. First, Plaintiff's claim is barred by the statute of limitations. See Platt Elec. Supply v. EOFF Elec., Inc., 522 F.3d 1049, 1060 (9th Cir. 2008) (affirming district court's dismissal of a time-barred claim without leave to amend because "any amendments would have been futile"). Moreover, with respect to Plaintiff's failure to state a Monell claim, Plaintiff was provided an opportunity, but has failed to cure the deficiencies previously identified by the Court. Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987) (stating a district court did not abuse its discretion when denying leave to amend where the amended pleading did not cure the deficiencies identified in the prior pleading). Accordingly, the FAC is **DISMISSED WITHOUT LEAVE TO AMEND**. [5]

## V.

## CONCLUSION

For the reasons set forth above, Defendant's Motion is **GRANTED** and the FAC is **DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND**. (JS-6)

**IT IS SO ORDERED.**

**All Citations**

753 F.Supp.3d 1024

## Footnotes

1    Plaintiff seeks to proceed anonymously in this matter in light of her allegations of sexual assault. See FAC ¶ 3.

2    Plaintiff's FAC appears to be predicated upon alleged violations of the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. FAC ¶¶ 34-42.

3    While the Court would normally permit Plaintiff leave to amend to assert other, possible bases for tolling, in light of the Court's finding in III.B.1. that Plaintiff has, once again, failed to state a claim for Monell liability, the Court declines to permit leave to amend for that purpose.

4    Plaintiff's only new allegations are conclusory allegations, which simply recite the standard under Monell. FAC ¶¶ 27-30. Specifically, Plaintiff alleges (1) "Defendants had a custom and practice of subjecting inmates to cavity searches," (2) "Defendants ratified the sexual assaults performed herein by and through an official of Defendants who had final policy-making authority," (3) "Defendants failed to train their correctional officers properly to prevent unconstitutional cavity searches, sexual assaults on inmates ... thereby constituting a deliberate indifference," and (4) "cavity searches and resulting sexual assault alleged herein were proximately caused by Defendants' actions ...." Id. These allegations are no more than a "formulaic recitation" of the elements of a Monell claim. See Dougherty v. City of Covina, 654 F.3d 892, 900-01 (9th Cir. 2011) (affirming dismissal of Monell claims where a plaintiff alleged only that "Defendant CITY's policies and/or customs caused the specific violations of Plaintiff's constitutional rights at issue in this case").

5    In light of this Order, the Court declines to address Defendant's request to strike Plaintiff's request for punitive damages. See dkt. 29 at 24. Nevertheless, as the Court noted in its prior order, dkt. 26, "[a]s a matter of law, municipalities are not liable for punitive damages under Section 1983." James v. City of Long Beach, 18 F. Supp. 2d 1078, 1081 n.6 (C.D. Cal. 1998). Moreover, Plaintiff concedes punitive damages are not available. Dkt. 31 at 13.

**End of Document**                                          © 2026 Thomson Reuters. No claim to original U.S. Government Works.

2025 WL 1684254

Only the Westlaw citation is currently available.

United States District Court, N.D. New York.

Valerie FLORES, Plaintiff,

v.

CREDIT ONE BANK et al., Defendant.

1:25-CV-683 (GTS/MJK)

|

Signed June 16, 2025

**Attorneys and Law Firms**

Valerie Flores, Pro Se.

**ORDER and REPORT-RECOMMENDATION**

MITCHELL J. KATZ, United States Magistrate Judge

**\*1** TO THE HONORABLE GLENN T. SUDDABY, U.S. District Judge:

Plaintiff began this action on May 28, 2025, by filing a complaint, and moving for leave to proceed *in forma pauperis* ("*IFP*") (Dkts. 1, 2). The Clerk sent Plaintiff's complaint and *IFP* application to this Court for review. (Dkts. 1, 2).

## I. BACKGROUND

### A. Facts

The Defendant, Credit One Bank, a company with a principal place of business in Nevada, sent Plaintiff, a resident of New York, a $30 bill for "three months straight" for a credit card they issued her but that she was unable use. (Complaint, Dkt. 1, at 4). [1] Plaintiff paid the bills via money order from a now-closed-checking account. (*Id.*). Sometime later, Credit One Bank issued Plaintiff a refund and Plaintiff claims that the bank admitted it sent her a defective credit card. (*Id.*). A year and a half later, Credit One Bank sold a $60.00 balance to a collection agency. (*Id.*).

### B. Procedural History

Plaintiff now sues Credit One Bank, Resurgent Capital Services, a company headquartered in Ohio, and LVNV Funding, a company headquartered in South Carolina, for violating the Fair Credit Reporting Act ("FRCA"), "libel/slander with malicious intent," and "intentional tort" (*Id.* at 2, 3) (cleaned up). Plaintiff is seeking "the average going rate for a personal injury of $75,000" because the Defendants' "actions have hurt" her credit and reputation. (*Id.* at 4).

## II. *IFP* APPLICATION

Plaintiff declares in her *IFP* application that she is unable to pay the filing fee. (Dkt. 2). After reviewing her application, this Court finds Plaintiff is financially eligible for *IFP* status.

## III. STANDARD OF REVIEW

In addition to determining whether plaintiffs meet the financial criteria to proceed *IFP*, courts must also review the sufficiency of the allegations in the complaint under 28 U.S.C. § 1915. That statute requires a court to dismiss a case—at any time—if it determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915 (e)(2)(B)(i)-(iii).

When determining whether an action is frivolous, courts must consider whether the complaint lacks an arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); 28 U.S.C. § 1915. Dismissal of frivolous actions is appropriate to prevent abuses of court process and to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldredge*, 505 F.2d 802, 804 (8th Cir. 1974).

To be sure, courts have a duty to show liberality toward *pro se* litigants and must use extreme caution when *sua sponte* dismissing *pro se* complaints before adverse parties have been served and had an opportunity to respond. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee). But courts *still* have a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See id.*

## IV. DISCUSSION

**\*2**  The Court recommends dismissing all Plaintiff's claims for three reasons. First, Plaintiff's claims against Defendants LVNV funding and Resurgent Capital Services are deficient under Fed. R. Civ. P. 8. Second, Plaintiff cannot plausibly allege that Credit One Bank a is a credit reporting agency within the meaning of the FRCA. Third, the FRCA limits Plaintiff's ability to bring state-law-tort claims.

### A. Federal Rules of Civil Procedure 8

Pleadings must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief ..." Fed. R. Civ. P. 8(a)(2). "The purpose of" Rule 8 "is to give fair notice of the claim being asserted so" adverse parties have "the opportunity to file a responsive answer, prepare an adequate defense, and determine whether the doctrine of res judicata is applicable." *Flores v. Graphtex*, 189 F.R.D. 54, 55 (N.D.N.Y. 1999) (cleaned up). The rule also requires the pleading to include "a short and plain statement of the grounds for the court's jurisdiction" and "a demand for the relief sought[.]" Fed. R. Civ. P. 8(a)(1), (3). "Although 'no technical form is required,' the Federal Rules make clear that each allegation contained in the pleading 'must be simple, concise, and direct.' " *Cole v. Smrtic*, No. 1:24-CV-847, 2024 WL 4870495, at \*2 (N.D.N.Y. 2024) (quoting Fed. R. Civ. P. 8(d)). Allegations "so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009) (summary order).

Indeed, to survive dismissal for failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft*, 556 U.S. at 678 (cleaned up).

The Court recommends dismissing Plaintiff's claims against Defendants LVNV Funding and Resurgent Capital Services. The Complaint does not identify how Defendants LVNV Funding or Resurgent Capital Services harmed her. In fact, the complaint does not identify what actions either party took. *See generally* (Complaint, Dkt. 1). In essence, Plaintiff's Complaint is nothing more than a "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678. And that is simply not enough to state a claim. *See, e.g., Lesson v. Jane Doe*, No. 1:25-CV-00188 (AMN/TWD), 2025 WL 1291533 (N.D.N.Y. May 5, 2025) (Adopting Report and Recommendation which dismissed a plaintiff's excessive force claim because that plaintiff failed to "identify what force" was used against him or "how it was excessive.").

### B. Fair Credit Reporting Act [2]

"The FCRA creates a private right of action against credit reporting agencies for the negligent ... or willful ... violation of any duty imposed under the statute." *Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 473 (2d Cir. 1995) (citations omitted). For any such violation, "the credit reporting agency is liable to the consumer for actual damages sustained, the costs of the action together with reasonable attorney's fees, and, in the case of willful noncompliance, punitive damages." *Id.* (cleaned up).

**\*3** To make out a § 1681(e)(b) claim, plaintiffs must show "whether the challenged credit information is accurate; if the information is accurate, no further inquiry into the reasonableness of the consumer reporting agency's procedures is necessary." *Watson v. Caruso*, 424 F. Supp. 3d 231, 244 (D. Conn. 2019). But if the information is inaccurate, plaintiffs must then show that the: (1) "consumer reporting agency was negligent or willful in that it failed to follow reasonable procedures to assure the accuracy of its credit report;" (2) "consumer reporting agency reported inaccurate information about the plaintiff;" (3) "plaintiff was injured; and" (4) "consumer reporting agency's negligence proximately caused the plaintiff's injury." *Id.* (cleaned up).

Plaintiff's claim against Credit One Bank cannot stand because the bank is not a credit reporting agency. *See Owusu v. New York State Ins.*, 655 F. Supp. 2d 308, 327 (S.D.N.Y. 2009) (holding that HSBC is not a consumer reporting agency just because it reported customer information.). "The FCRA does not impose obligations upon a creditor who merely passes along information concerning particular debts owed to it." *DiGianni v. Stern's*, 26 F.3d 346, 349 (2d Cir. 1994) (cleaned up). Simply put, Credit One Bank is a creditor and bank, but not more. So Plaintiff cannot plausibly raise a FRCA claim against Credit One Bank. *See Anthony v. GE Cap. Retail Bank*, 321 F. Supp. 3d 469, 478 (S.D.N.Y. 2017) (granting summary judgment on the plaintiff's FRCA action against Synchrony bank because the plaintiff did not present evidence that Synchrony was a consumer reporting agency).

But should the District Court determine that Credit One Bank is a credit reporting agency, Plaintiff's complaint does not plausibly allege that the credit information is inaccurate. A "credit report is inaccurate ... when it is patently incorrect or when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect." *Khan v. Equifax Info. Servs., LLC*, No. 18-CV-6367, 2019 WL 2492762, at \*3 (E.D.N.Y. June 14, 2019) (collecting cases) (cleaned up). Here, Plaintiff's claims are specious at best. Plaintiff alleges that Credit One Bank issued her a credit card that she never used, charged her three times over the course of three months, but she paid the bills via money order. (Complaint, Dkt. 1, at 4). It strains credulity to believe that Credit One Bank charged Plaintiff for a defective card for three months and she paid those bills—without ever calling the bank to ask what she was being charged for.

### C. State Law Claims

The District Court should dismiss Plaintiff's state-law-tort claims because Plaintiff has not made the requisite showing of malice or willful intent to injure her. Section 1681h(e) of the FCRA states that "no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, ... except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e). Otherwise stated, "section 1681h(e) preempts defamation [and other state-based] claims against credit reporting agencies unless the alleged false information is furnished with malice or willful intent to injure the plaintiff." *Thompson v. Equifax Info. Servs.* LLC, No. 20-CV-6101, 2022 WL 2467662, at \*10 (E.D.N.Y. Feb. 24, 2022) (cleaned up). Plaintiff seeks to bring an intentional tort claim against Defendants. But the Complaint is devoid of any facts showing that Defendants have acted with malice or willful intent. So Plaintiff's claim, as it is, cannot stand. *See Ogbon v. Beneficial Credit Servs., Inc.*, No. 10-CIV-3760 (PAE), 2013 WL 1430467 at \*10 (S.D.N.Y. Apr. 8, 2013) (granting summary judgment on the plaintiff's defamation and common law tort claims because the plaintiff failed to allege facts establishing malice) (collecting cases) (cleaned up). As a result, Plaintiff's intentional tort claims should be dismissed.

### D. Opportunity to Amend

**\*4** Generally, before courts dismiss a *pro se* complaint or any part of the complaint on its own, they should afford the plaintiff the opportunity to amend at least once; but leave to re-plead may be denied where any amendment would be futile. *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Futility is present when the problem with a plaintiff's causes of action is

substantive such that better pleading will not cure it. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted). Here, there is no futility for three reasons. First, Plaintiff can add facts to make the Complaint Rule 8 compliant. Second, Plaintiff can set forth facts concerning a credit reporting agency who she alleges took adverse action concerning her credit report that she alleges violates FCRA and add that party as a defendant. Third, Plaintiff can add facts, if accurate, to establish that Defendants acted with malice or willful intent, to prove her state-tort-law claims.

## V. CONCLUSION

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that Plaintiff's motion to proceed *IFP* (Dkt. 2) is **GRANTED** [3] ; and it is further

**RECOMMENDED,** that Plaintiff's claims against Defendants LVNV Funding and Resurgent Capital Services, should be dismissed under Fed. R. Civ. P. 8 **WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND**; and it is further

**RECOMMENDED,** Plaintiff's FRCA claim Defendant Credit One Bank should be dismissed **WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND**; and it is further

**RECOMMENDED,** that Plaintiff's state-tort-law claims against all Defendants should be dismissed **WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND**; and it is further

**ORDERED,** that while Plaintiff may file objections to this Order and Report-Recommendation, before Plaintiff submits any amended pleading, she should wait for the District Court to rule on the above Orders and Recommendations, and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order and Report-Recommendation on Plaintiff by regular mail. [4]

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have 14 days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *See Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

**All Citations**

Slip Copy, 2025 WL 1684254

## Footnotes

1    All page references are to the CM/ECF pagination system.

2    For this analysis, the Court is assuming that Plaintiff is bringing an action under § 1681(e)(b). That statute says: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681(e)(b).

3       The Court notes that although Plaintiff's IFP application has been granted, Plaintiff will still be required to pay fees that he may incur in the future regarding this action, including but not limited to copying and/or witness fees.

4       The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (*per curiam*).

---

**End of Document**                                                     © 2026 Thomson Reuters. No claim to original U.S. Government Works.

2025 WL 3704290
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Valerie FLORES, Plaintiff,
v.
WELLS FARGO, Defendant.

1:25-CV-1755 (MAD/MJK)
|
Signed December 19, 2025

**Attorneys and Law Firms**

Valerie Flores, Albany, NY, Pro Se.

### ORDER & REPORT-RECOMMENDATION

Mitchell J. Katz, United States Magistrate Judge

**\*1**  To the Honorable Mae A. D'Agostino, U.S. District Judge:

Flores began this action on December 14, 2025, by filing a complaint, and moving for leave to proceed *in forma pauperis* ("*IFP*") (Dkts. 1, 2). Flores also filed a motion to appoint counsel. (Dkt. 4). The Clerk sent Flores's Complaint and *IFP* application to this Court for review. (Dkts. 1, 2).

### I. BACKGROUND

The allegations in the Complaint are as follows: "Wells Fargo discriminated against [Flores] and would not allow [her] to apply for a personal loan or open an account. [Wells Fargo] also would not allow [Flores] to complete the application process over the phone. They told [Flores] to come back and would not take [her] as a walk in and then they never allowed [her] to schedule an appointment. Then a family member's phone number was somehow forwarded to their automated system when that family [member] never called there nor has never done business there either. [Wells Fargo's] attorney Michael Burke is/has maliciously defamed [her.]" (Complaint, Dkt. 1, at pg. 3).

Flores requests "$100,000 which is the maximum amount [Wells Fargo] give[s] out on personal loans and $75,000 personal injury financial settlement due to reputation harm and defamation." (*Id.* at pg. 4). She also requests an "injunction against" Wells Fargo's "employees and Michael Burke, Esq., and his law firm [for] harassment, stalking, and malicious reputational harm." (*Id.*).

### II. *IFP* APPLICATION

Flores declares in her *IFP* application that she is unable to pay the filing fee. (Dkt. 2). After reviewing her application, this Court finds Flores is financially eligible for *IFP* status.

### III. STANDARD OF REVIEW

In addition to determining whether plaintiffs meet the financial criteria to proceed *IFP*, courts must also review the sufficiency of the allegations in the complaint under 28 U.S.C. § 1915. That statute requires a court to dismiss a case—at any time—if it

determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915 (e)(2)(B)(i)-(iii).

When determining whether an action is frivolous, courts must consider whether the complaint lacks an arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); 28 U.S.C. § 1915. Dismissal of frivolous actions is appropriate to prevent abuses of court process and to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldredge*, 505 F.2d 802, 804 (8th Cir. 1974).

To be sure, courts have a duty to show liberality toward *pro se* litigants and must use extreme caution when *sua sponte* dismissing *pro se* complaints before adverse parties have been served and had an opportunity to respond. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee). But courts *still* have a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See id.*

## IV. DISCUSSION

**\*2**  Below, the Court reviews the sufficiency of Flores's Complaint and addresses her motion to appoint counsel. In Section IV.A., the Court recommends the District Court dismiss Flores's Complaint because it fails to state a claim.[1]  In Section IV. B., the Court denies Flores's motion to appoint counsel.

### A. The District Court should deny Flores's claim because her Complaint fails to state a claim.

Pleadings must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief ..." Fed. R. Civ. P. 8(a)(2). "The purpose of" Rule 8 "is to give fair notice of the claim being asserted so" adverse parties have "the opportunity to file a responsive answer, prepare an adequate defense, and determine whether the doctrine of res judicata is applicable." *Flores v. Graphtex*, 189 F.R.D. 54, 55 (N.D.N.Y. 1999) (cleaned up). The rule also requires the pleading to include "a short and plain statement of the grounds for the court's jurisdiction" and "a demand for the relief sought[.]" Fed. R. Civ. P. 8(a)(1), (3). "Although 'no technical form is required,' the Federal Rules make clear that each allegation contained in the pleading 'must be simple, concise, and direct.' " *Cole v. Smrtic*, No. 1:24-CV-847, 2024 WL 4870495, at \*2 (N.D.N.Y. 2024) (quoting Fed. R. Civ. P. 8(d)). Allegations "so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009) (summary order). To survive dismissal for failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft*, 556 U.S. at 678 (cleaned up).

Flores's Complaint does not state a claim. Flores alleges that Wells Fargo discriminated against her because the bank would not allow her to apply for a personal loan, open an account, and Wells Fargo would not allow Flores to complete the application process over the phone. (Complaint, Dkt 1, at pg. 3). Flores also claims that Michael Burke Esq.—Wells Fargo's purported attorney who is not a Defendant in this action—harassed, stalked, and defamed her. (Complaint, Dkt. 1, at pg. 1, 3). Liberally construed, the Complaint does not allege a discrimination claim. The Complaint neither establishes that Flores is a part of a protected class nor what Wells Fargo did to discriminate against her. Put another way, Flores's Complaint is a "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678. And that is not enough to state a claim. *See, e.g., Lesson v. Jane Doe*, No. 1:25-CV-00188 (AMN/TWD), 2025 WL 1291533 (N.D.N.Y. May 5, 2025) (Adopting Report and Recommendation which dismissed a plaintiff's excessive force claim because that plaintiff failed to "identify what force" was used against him or "how it was excessive.").

### B. The Court denies Flores motion to appoint counsel.

When analyzing requests to appoint counsel, courts consider five factors: (1) "whether the indigent" person's "claims seem likely to be of substance;" (2) "whether the indigent" person "is able to investigate the crucial facts concerning" their "claim;" (3) "whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;" (4) "whether the legal issues involved are complex; and" (5) "whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination." *Bussey v. Moore*, 23-CV-247, 2025 WL 1650792 at *1 (W.D.N.Y. June 11, 2025) (cleaned up) (citing *Hodges v. Police Officers*, 802 F.2d 58 (2d Cir. 1986)).

**\*3** The Court is unaware of any special reason why appointment of counsel in this case is warranted at this time. Mindful of the scarcity of volunteer lawyers, courts must allocate that resource with the utmost care. *See Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989) (noting that "[v]olunteer lawyer time is a precious commodity."). The only facts which this Court may base its decision as to whether this lawsuit is of substance are the facts stated in Flores's complaint. Where there are merely unsupported allegations, the moving party does not meet the first requirement imposed by the Second Circuit for appointment of pro bono counsel. *See Harmon v. Runyon*, No. 96-CV-6080, 1997 WL 118379 (S.D.N.Y. Mar. 17, 1997). After the facts in this case have been developed, Flores may file a new motion for appointment of counsel, at which time, the Court will be better able to determine whether such appointment is warranted. Flores is advised that any renewed motion for appointment of counsel must be accompanied by documentation that substantiates her efforts to obtain counsel from the public and private sector. Thus, Flores's motion for appointment of counsel is denied.

## V. CONCLUSION

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that Plaintiff's motion to proceed *IFP* (Dkt. 2) is **GRANTED**; and it is further

**RECOMMENDED**, the District Court dismiss Flores's Complaint **WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND** because it fails to comply with Fed. R. Civ. P. 8; and it is further

**ORDERED**, that Flores's motion to appoint counsel is denied; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order and Report-Recommendation on Plaintiff by regular mail. [2]

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have 14 days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS WILL PRECLUDE APPELLATE REVIEW**. *See Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

## All Citations

Slip Copy, 2025 WL 3704290

---

## Footnotes

1    The allegations in the complaint plausibly allege subject matter jurisdiction based on diversity.

2  The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (*per curiam*).

---

**End of Document**           © 2026 Thomson Reuters. No claim to original U.S. Government Works.

554 Fed.Appx. 30
This case was not selected for publication in West's Federal Reporter.
RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY
ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE
OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY
ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX
OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A
SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.
United States Court of Appeals, Second Circuit.

Kevin Eric SMITH, Plaintiff–Appellant,

v.

UNITED STATES of America, et al., Defendants–Appellees.

No. 13–292–cv
|
Dec. 17, 2013.

**Synopsis**
**Background:** Pro se plaintiff brought complaint against federal, state and private entities, alleging tort, breach of contract, and §
1983 claims. The United States District Court for the Northern District of New York, Lawrence E. Kahn, J., 2012 WL 6597835,
dismissed the complaint with prejudice. Plaintiff appealed.

**Holdings:** The Court of Appeals held that:

[1] state and its attorney general were entitled to sovereign immunity from claims;

[2] court lacked personal jurisdiction over New Hampshire defendants;

[3] denial of leave to amend was not an abuse of discretion;

[4] failure to serve defendants warranted dismissal of claims against them; and

[5] adverse rulings on the merits of the case were insufficient to demonstrate judicial bias.

Affirmed in part, and remanded in part.

**Procedural Posture(s):** On Appeal; Motion to Dismiss.

West Headnotes (6)

[1]    **Federal Courts** 🔑 Suits Against States;  Eleventh Amendment and Sovereign Immunity
       **Federal Courts** 🔑 Prosecutors and attorneys general
       Under Eleventh Amendment to the Federal Constitution, state and its attorney general were entitled to sovereign
       immunity in § 1983 action. U.S.C.A. Const.Amend. 11; 42 U.S.C.A. § 1983.

4 Cases that cite this headnote

[2]    **Federal Courts**    🔑    Civil rights and discrimination

Federal district court in New York lacked personal jurisdiction over New Hampshire defendants in § 1983 action absent indication of a connection with the state of New York. 42 U.S.C.A. § 1983.

6 Cases that cite this headnote

More cases on this issue

[3]    **Federal Courts**    🔑    Dismissal or other disposition

Dismissal of claims in § 1983 action for want of personal jurisdiction should have been without prejudice. 42 U.S.C.A. § 1983.

15 Cases that cite this headnote

[4]    **Federal Courts**    🔑    Pleadings and motions

Denial of leave to amend § 1983 complaint after dismissal for want of personal jurisdiction was not an abuse of discretion, where flaws were fatal substantive defects that could not be cured by further pleading. 42 U.S.C.A. § 1983.

23 Cases that cite this headnote

More cases on this issue

[5]    **Federal Civil Procedure**    🔑    Process, defects in

Failure to serve defendants in § 1983 action warranted dismissal of the claims against them. 42 U.S.C.A. § 1983.

More cases on this issue

[6]    **Judges**    🔑    Bias and Prejudice

Adverse rulings on the merits in § 1983 action were insufficient to establish judicial bias. 42 U.S.C.A. § 1983.

More cases on this issue

**\*30**  Appeal from a judgment of the United States District Court for the Northern District of New York (Lawrence E. Kahn, Judge).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,   \*31  AND DECREED** that the judgment and order of the district court is **AFFIRMED and REMANDED.**

**Attorneys and Law Firms**

Kevin Eric Smith, Manchester, NH, pro se.

Paula Ryan Conan, United States Attorney's Office, Syracuse, NY; Robert Joseph Dietel, Gallagher, Callahan & Gartrell, P.C., Concord, NH; Jonathan D. Hitsous, Denise Ann Hartman, New York State Office of the Attorney General, Albany, NY; Michael A. Cardozo, New York City Law Department, New York, NY, for Defendants–Appellees.

PRESENT: ROBERT D. SACK, GERARD E. LYNCH and RAYMOND J. LOHIER, JR., Circuit Judges.

### SUMMARY ORDER

Kevin Eric Smith, plaintiff-appellant *pro se,* seeks review of a district court decision dismissing with prejudice his complaint alleging, *inter alia,* various tort, breach of contract, and 42 U.S.C. § 1983 claims against an array of federal, state, and private entities. The district court dismissed Smith's claims against New York State and the New York Attorney General ("New York defendants") with prejudice under Fed.R.Civ.P. 12(b)(6) on sovereign immunity grounds, his claims against the City of Concord, New Hampshire, and the Concord New Hampshire Police Department ("New Hampshire defendants") with prejudice for lack of personal jurisdiction, and his claims against other defendants without prejudice for failure of service. The district court also affirmed the decision of the magistrate judge to deny Smith an extension of time to serve process to the remaining defendants beyond the 60–day time limit required by the court's local rules. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Because Smith's complaint (and other documents he has submitted to the district and appellate courts in the subsequent litigation) consists of a "labyrinthian prolixity of unrelated and vituperative charges that def[y] comprehension," *Prezzi v. Schelter,* 469 F.2d 691, 692 (2d Cir.1972), it would not have been inappropriate for the district court to dismiss it for failing to contain "a short and plain statement of the claim." Fed.R.Civ.P. 8(a)(2). However, in light of the liberal construction traditionally afforded the complaints of *pro se* plaintiffs, the district court commendably undertook the difficult effort to understand the claims being made in the complaint and addressed them on their merits.

We review *de novo* dismissals under Rule 12(b)(6), *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002), and for lack of personal jurisdiction, *Metro. Life Ins. Co. v. Robertson–Ceco Corp.,* 84 F.3d 560, 567 (2d Cir.1996), assuming as true the statements in the complaint and drawing all reasonable inferences in the plaintiff's favor. We review for abuse of discretion the dismissal for untimely service of process, *see Zapata v. City of N.Y.,* 502 F.3d 192, 195 (2d Cir.2007), [1] and the denial of leave to amend the complaint, *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

 [1]   [2]   [3]   [4]   [5]   [6]   The claims against the New York defendants were properly dismissed on grounds of the sovereign immunity established by the Eleventh Amendment. As Smith alleged no facts in the claims **\*32** against the New Hampshire defendants that indicate a connection with the state of New York, dismissal for lack of personal jurisdiction was appropriate. Because these flaws in Smith's complaint, even liberally read, are fatal substantive defects that could not be cured by further pleading, the district court did not abuse its discretion in denying leave to amend. [2] *See Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir.2000) ("[A] futile request to replead should be denied."). Nor did the district court abuse its discretion in dismissing the charges against the remaining defendants for Smith's failure to serve them, and affirming the magistrate judge's denial of his request for an extension of time to do so, as he presented no reasonable justification for his request. *See Zapata,* 502 F.3d at 193 (finding no abuse of discretion in denial of extension of time to serve process where plaintiff "advanced no colorable excuse whatsoever for his neglect."). Finally, we reject as meritless Smith's accusations of bias on the part of the district court judge and magistrate judge, for which he provides no factual support beyond adverse rulings on the merits of the case. *See United States v. Grinnell Corp.,* 384 U.S. 563, 583, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966) ( "[A]lleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits other than what the judge learned from his participation in the case.").

We have considered Smith's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court, except to the extent that the matter is **REMANDED** to the district court with instructions to modify the judgment to reflect that the dismissal as to the New Hampshire defendants is without prejudice to renew in a jurisdiction where personal jurisdiction over the defendants could be obtained.

**All Citations**

554 Fed.Appx. 30

---

## Footnotes

1    *Zapata* concerned a dismissal under Fed.R.Civ.P. 4(m), *Zapata,* 502 F.3d at 195, but the same principle would apply by analogy to dismissals pursuant to local rules regarding expedited service of process. *Cf. LoSacco v. City of Middletown,* 71 F.3d 88, 92 (2d Cir.1995) (affording "considerable deference" to a district court's application of local rules, and reviewing such application for abuse of discretion).

2    The district court ordered that Smith's claims against the New Hampshire defendants be dismissed "with prejudice." However, a dismissal for want of personal jurisdiction is without prejudice. *See generally Elfenbein v. Gulf & Western Indus., Inc.,* 590 F.2d 445, 449 (2d Cir.1978) (observing that whether a dismissal is with or without prejudice refers to the "Res judicata effect of a dismissal," a question distinct from whether leave to amend should be granted). Thus, while the district court appropriately concluded that Smith's claims against the New Hampshire defendants should be dismissed without leave to amend because repleading in the Northern District of New York could not cure the jurisdictional defect, the dismissal does not preclude renewing those claims in a jurisdiction in which personal jurisdiction over the defendants can be obtained. Accordingly, the judgment below should be modified in this regard.

---

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.