**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

VALERIE FLORES,

                 Plaintiff,

          -v-                                    1:25-CV-1833 (AJB/MJK)

CORY LETTMAN _et al._,

                 Defendants.

_____

**APPEARANCES:**                                **OF COUNSEL:**

VALERIE FLORES
Plaintiff, Pro Se
P.O. Box 1110 ACP 5749
Albany, NY 12201

**Hon. Anthony Brindisi, U.S. District Judge:**

### <u>ORDER ON REPORT & RECOMMENDATION</u>

On December 31, 2025, _pro se_ plaintiff Valerie Flores filed this civil action alleging that defendants violated her rights. Dkt. No. 1. Along with her complaint, plaintiff moved for leave to proceed _in forma pauperis_ ("IFP Application"). Dkt. No. 2. U.S. Magistrate Judge Mitchell J. Katz granted plaintiff's IFP Application and, after conducting an initial review, advised by Report & Recommendation ("R&R") that plaintiff's complaint be dismissed with leave to amend. Dkt. No. 5. This Court adopted Judge Katz's R&R over plaintiff's objections. Dkt. No. 8. Thereafter, plaintiff filed an amended complaint. Dkt. No. 10.

On March 11, 2026, Judge Katz reviewed plaintiff's amended complaint and advised by R&R that the pleading be dismissed without prejudice and without leave to further amend. Dkt.

No. 12.  There, Judge Katz explained that the events about which plaintiff complained occurred in Wisconsin and had no nexus or other connection to this judicial district, let alone New York.  *Id*.

Plaintiff has not lodged objections.  Instead, she has attempted to take an interlocutory appeal from Judge Katz's R&R.  Dkt. No. 13.  Ordinarily, a notice of appeal divests the district court of jurisdiction.  *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).  But that rule does not apply if the notice of appeal is frivolous, untimely, or otherwise defective.  *See, e.g.*, *China Nat'l Chartering Corp. v. Pactrans Air & Sea, Inc.*, 882 F. Supp. 2d 579, 595 (S.D.N.Y. 2012).

As relevant here, a party's attempt to take a direct appeal from a pending R&R fits in the "otherwise defective" category—it is not an appealable final order.  *See, e.g.*, *LCS Grp., LLC v. Shire LLC*, 2019 WL 7824613, at *1 (2d Cir. Nov. 12, 2019) (refusing to exercise jurisdiction over pending report and recommendation); *Juste v. Sessions*, 2017 WL 3754208 (2d Cir. Apr. 26, 2017) (dismissing appeal *sua sponte* for want of jurisdiction where plaintiff attempted to appeal from pending report and recommendation).  Accordingly, this Court still has jurisdiction to consider whether to adopt, modify, or reject the pending R&R.

Upon *de novo* review, Judge Katz's R&R is accepted and will be adopted.  *See* 28 U.S.C. § 636(b)(1)(C).  Plaintiff's amended complaint is based on incidents that occurred in Wisconsin, or perhaps Alaska, but that bear no connection whatsoever to this judicial district.  *See* Dkt. No. 10.  The Court further notes that plaintiff's conduct has earned her a pre-filing injunction in this judicial district.  *See in re Valerie Flores*, 1:26-PF-1-BKS at Dkt. No. 3 (N.D.N.Y.).  Although the injunction has no direct bearing on this matter (because it was filed *before* the entry of the injunction), it is worth noting that the allegations in the operative pleading in this action—that is, alleging

a series of seemingly random events caused her harm without any obvious legal basis or connection to this forum—is well in line with plaintiff's pattern of litigation behavior.

Therefore, it is

ORDERED that

1.  The Report & Recommendation (Dkt. No. 12) is ACCEPTED; and

2.  Plaintiff's amended complaint (Dkt. No. 10) is DISMISSED without leave to further amend.

The Clerk of the Court is directed to terminate the pending motion, enter a judgment accordingly, and close the file.

**IT IS SO ORDERED.**

Dated:  April 13, 2026
        Utica, New York.

Anthony J. Brindisi
U.S. District Judge

- 3 -